IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| Michael Silva, )<br> )<br>　　　　　Plaintiff, )<br>　　v. )<br> )<br>Studley Professional Staffing, LLC )<br>　　*et al.*, )<br> )<br>　　　　　Defendants. )<br>＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿) | Civil Action No. 1:12cv22 (TSE/TRJ) |

MEMORANDUM OPINION AND ORDER

This matter is before the court on plaintiff's motions to compel (no. 21) and for sanctions (no. 23).

For the reasons stated from the bench and in accord with specific rulings made at that time, plaintiff's motion to compel is GRANTED. Defendants shall serve a supplemental interrogatory answer no later than May 18, 2012.

The court treats plaintiff's motion for sanctions as a motion to compel. The motion raises the question which party bears the burden of seeking relief from the court when a party objects to one or more of the topics noticed for a Rule 30(b)(6) deposition and the parties are unable to reach an agreement prior to the deposition. In this case, plaintiff noticed a deposition of defendant Studley Professional Staffing, LLC ("SPS") pursuant to Fed. R. Civ. P. 30(b)(6) on six topics. SPS objected to four of those topics, and its representative refused to answer questions on them at the deposition. SPS's representative gave limited answers to questions on the two topics to which it did not object.

The court finds that SPS was not entitled to refuse to answer questions at the deposition;

rather, SPS was required either to note its objections at the deposition and answer subject to those objections or to seek a protective order prior to the deposition. *See New England Carpenters Health Benefits Fund v. First Databank, Inc.*, 242 F.R.D. 164, 166 (D. Mass. 2007) ("Put simply and clearly, absent agreement, a party who for one reason or another does not wish to comply with a notice of deposition must seek a protective order."); *Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 142 (E.D. Tex. 2003) (corporate party receiving notice of deposition must either designate a witness or move for a protective order); *Bregman v. Dist. of Columbia*, 182 F.R.D. 352, 355 (D.D.C. 1998) ("Confronted with a notice of deposition . . . a party must either comply with the discovery demand or seek a protective order under Fed. R. Civ. P. 26(c)."). In the court's view, by objecting to a deposition topic and refusing to produce a deponent to testify on it, a party "fails . . . to appear for that [party's] deposition" within the meaning of Fed. R. Civ. P. 37(d)(1)(A)(i). In that circumstance, Rule 37(d)(2) explicitly places on the resisting party the burden of seeking a protective order rather than unilaterally deciding to resist.

    For those reasons, and for the reasons stated from the bench and in accord with specific rulings made at that time, the motion is GRANTED. Within 14 days, SPS shall produce one or more deponents who are knowledgeable and prepared to testify. Because the court finds that the responses at the first deposition were inadequate on the two topics not objected to, SPS shall be prepared to present testimony on all six topics listed in the notice of deposition.

    The parties need not exchange witness or exhibit lists at the final pretrial conference, scheduled for May 17, 2012. The parties shall exchange and file witness and exhibit lists 7 days after the Fed. R. Civ. P. 30(b)(6) deposition of SPS takes place, with objections due 7 days thereafter.

The court finds that it is appropriate to award plaintiff fees in connection with the hearing conducted on these motions.  Plaintiff shall file a declaration regarding the amount of fees within 7 days, and defendants may respond within 7 days thereafter.  The court will rule without further argument.

The court further finds that it is appropriate that SPS bear the cost of a court reporter at the resumed Fed. R. Civ. P. 30(b)(6) deposition, and SPS shall pay that cost.

It is so ORDERED.

ENTERED this 15th day of May, 2012.

                                                                /s/
                                           Thomas Rawles Jones, Jr.
                                           United States Magistrate Judge

Alexandria, Virginia